John J. and Marjorie M. Breslin v. Commissioner.
Breslin v. Commissioner
Docket No. 14398.
United States Tax Court
1948 Tax Ct. Memo LEXIS 47; 7 T.C.M. (CCH) 818; T.C.M. (RIA) 48233; November 10, 1948
*47 Preston D. Orem, Esq., for the petitioners. Byron M. Coon, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves a deficiency of $415.40 for 1943 and a negligence penalty for that year of $20.77. The deficiency results from the respondent's disallowance of deductions claimed for contributions, medical expenses, interest, taxes, business expenses, and losses. Findings of Fact The petitioners are husband and wife and are residents of California. They filed a joint return for 1943 with the collector for the 6th district of California. John J. Breslin was employed during the taxable year 1943 as a welder by the California Shipbuilding Corporation in the capacity of "hull" foreman. He reported salary and wages from that corporation of $4,648.59. His wife also worked as a welder during a portion of the year and reported earnings of $219.96. They reported those earnings in their joint return, plus $100 received from "riders" whom they transported to and from work. They claimed deductions on their return in the aggregate amount of approximately $2,000. The return showed net taxable income of $2,982.25. The respondent disallowed *48 $1,986.30 of the deductions claimed but eliminated $100the item from income. The deductions in dispute consisted of numerous charitable contributions aggregating $463, interest of $417.87, taxes, $318.80, miscellaneous business expenses such as tools, work clothes, gasoline, telephone, union dues, etc., of $692.02, and medical expenses of $155. The petitioners kept no books or records from which to compute their income tax liabilities, although they had receipts or cancelled checks for some of the items claimed. We find from the evidence of record that in 1943 the petitioners made contributions of the class referred to in section 23(o), Internal Revenue Code, in the aggregate amount of $150; that they paid interest of $417.87; that they paid taxes of a deductible character in the amount of $179.82; that they incurred expenses in connection with their business for work clothes, tools, etc., in the aggregate amount of $45, and that they had no medical expenses in excess of five per cent of their adjusted gross income. Opinion LEMIRE, Judge: On the basis of the evidence adduced at the hearing the respondent concedes in his brief that the petitioners are *49 entitled to deductions as follows: interest, $417.87, and taxes, automobile license, etc., $116.50. The evidence before us consists principally of the testimony of the husband. He kept no books or records from which their income taxes could be determined and had to rely upon his memory for information as to most of the items about which he was questioned. He was able to produce receipts or cancelled checks for some of the items. Most of the deductions claimed in the return, particularly the charitable contributions, were admittedly unverified estimates of day to day donations. We are convinced from the evidence as a whole that the deductions claimed in the petitioners' return were grossly overstated. The amounts which we have set out in our findings above are, we think, the maximum amounts allowable. The respondent's imposition of the five per cent negligence penalty is sustained. Decision will be entered under Rule 50.